United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BLAINE MILAM, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-20-4255 |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice – § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER TO TRANSFER

The petitioner, Blaine Milam, is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division under a sentence of death. On September 11, 2018, the 4th Judicial District Court of Rusk County set an execution date of January 15, 2019. Milam has filed a federal petition for a writ of habeas corpus in this Court. (Docket Entry No. 1).[1] The Court concludes that this action must be transferred for reasons set forth briefly below.

Because Milam is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by 28 U.S.C. § 2241(d). Under this provision a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

---

[1] The Court of Appeals for the Fifth Circuit recently denied Milam leave to file a substantially similar successive petition. *In re Milam*, No. 20-40663 (5th Cir. Oct. 27, 2020).

1

The State of Texas indicted Milam by grand jury in Rusk County, Texas. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), Docket Entry No. 33, Attachment 11 at 38. Milam stood trial in the 4th Judicial District Court of Rusk County, Texas with the Honorable Clay Gossett presiding. *State v. Milam*, No. CR09-066. The trial court granted Milam's motion for a change of venue. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), Docket Entry No. 33, Attachment 11 at 67. The presiding judge of the First Administrative Judicial Region assigned Judge Gossett to try the case in Montgomery County, Texas. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), Docket Entry No. 33, Attachment 11 at 68.

While the trial proceedings were held in Montgomery County—which is in the Houston Division of the Southern District of Texas (28 U.S.C. § 124(b)(2))—the Judgement and Sentence indicate Milam's conviction is from Rusk County. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), Docket Entry No. 33, Attachment 18. Milam's own petition states that "was found guilty of capital murder and sentenced to death . . . in the 4th District Court of Rusk County." (Docket Entry No. 1 at 1).

Moreover, Milam has previously sought post-conviction remedies in Rusk County and federal habeas relief in the Eastern District of Texas.[2]

This Court does not have jurisdiction to consider Milam's latest habeas petition. Even though he stood trial in Montgomery County due to a change of venue, the judgment authorizing his death sentence indicates that it was entered in Rusk County, which is located in the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1). The Polunsky Unit where Milam is

---

[2] Milam sought state habeas relief in Rusk County. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), Docket Entry No. 37, Attachment 21. Milam unsuccessfully sought federal habeas relief in the United States District Court for the Eastern District of Texas. *Milam v. Director*, TDCJ-CID, 4:13-cv-545 (E.D. Tex. 2017), *aff'd*, *Milam v. Davis*, 733 F. App'x 781 (5th Cir. 2018).

2

presently incarcerated is located in Polk County, which is in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). Thus, Milam's petition was not properly filed in the Southern District.

The federal habeas corpus statutes provide that a district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985 (dictating that challenges to a criminal judgment go to the division within the district where the judgment was entered). Therefore, this case will be transferred to the Eastern District of Texas, Tyler Division, for all further proceedings.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Tyler Division, and to provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas this 16th day of December 2020.

ANDREW S. HANEN
United States District Court Judge